COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-417-CR

 

 

FELIPE MENDEZ, JR.                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Felipe Mendez, Jr. appeals his
conviction for burglary of a habitation. 
We affirm.








Appellant kicked in the back door of a residence
in Mansfield, Texas, and began gathering valuables when police arrived in
response to a neighbor=s report of suspicious
activity.  Appellant managed to escape,
but was eventually arrested.  The police
matched appellant=s DNA to a cigarette appellant
left at the scene.  At trial, a jury
found appellant guilty and, after evidence of appellant=s
numerous prior burglary convictions was admitted at punishment, assessed a
sentence of thirty years= confinement.  The trial court sentenced appellant
accordingly.

In three points on appeal, appellant contends
that the trial court abused its discretion by overruling appellant=s trial
objections to hearsay, improper jury argument, and the jury=s
receiving a partial transcript during deliberations.

In his first point, appellant claims that the
trial court abused its discretion when it overruled two hearsay objections
lodged against testimony given by a police officer who had interviewed a woman
waiting in appellant=s car at the crime scene.  The objections were recorded in the following
exchange:

Q.     .
. . [W]hat were the two names of the people that she gave you?

 

A.     She
said that they were Felipe and Librado.

 

MR.
HOPPING [for the Defense:]  I=m going to object to
hearsay.

 

THE
COURT:  Overruled.

 

Q.     (BY
MS. WYNN)  So Felipe, did she give a last
name?

 

A.     She did a few minutes later, but initially
she just said Felipe and Librado, then she said Felipe and Librado Mendez.

 

MR.
HOPPING:  I object to hearsay again.

 








THE
COURT:  Okay.  Overruled.

 

The State concedes that the first question Acertainly
called for a hearsay response@ but
argues that appellant=s objection was untimely and
therefore preserved nothing for review. 
We agree.  An objection must be
timely in order to preserve a complaint for review.[2]  Whether a defendant is required to object
before a witness answers depends upon whether the question calls for a hearsay
response.[3]  Absent a legitimate reason to justify delay,
an objection is not timely when a defendant objects only after an objectionable
question has been asked and answered.[4]

The appellant has offered no legitimate reason to
justify waiting to object until after the question was answered and we have
found nothing in the record to justify appellant=s
waiting to object until after the witness answered the first question calling
for a hearsay response.  Therefore, we
hold that appellant=s untimely first objection
failed to preserve error.[5]








Appellant=s second
objection was also untimely.  Although
the question, ADid she give a last name?@ invites
a yes or no answer, it clearly calls for a hearsay response, which the witness
provided.  Because counsel=s
objection came after the question was answered, it was untimely and preserved
nothing for our review.[6]  We overrule appellant=s first
point.

In his second point, appellant contends that the
trial court abused its discretion by overruling his objection to remarks made
by the prosecutor during final argument that the defense had not reasonably
explained how a fresh cigarette butt containing appellant=s DNA
was found at the crime scene.  In
response, the State contends that appellant forfeited his claim by not
continuing to object each time the prosecutor revisited the same line of
argument.  We agree.  To preserve an improper-jury-argument claim,
a party must object each time the impermissible argument is made.[7]

The pertinent portions of the State=s final
argument are as follows:








MR. HUDSON: If the State=s burden of proof is beyond a reasonable doubt,
and it is, and if you consider the analogy of the Defense that beyond a
reasonable doubt is like a mountain that you have to climb, I=m going to submit to you
that a cigarette with the Defendant=s DNA at the back door of the house that just got
broken into, that=s a ski lift.  That takes you to the top.  There=s been no reasonable
explanation offered by closing argument by the Defense or by cross-examination C 

 

MR.
HOPPING: Objection that shifts the burden to us.

 

THE
COURT: Overruled.

 

MR. HUDSON: But no argument that I=m going to respond to now
on the record given to you through cross-examination or through closing
argument that can explain that cigarette.  You just
can=t do it.

 

. . . . . 

 

Now, who left the cigarette there?  Was it the Marlboro man?  Was it a cigarette fairy?  You know that=s preposterous.  I say it up here because it just shows you
how crazy their argument is.  I told you
during voir dire that, yeah, you know, there could be all sorts of crazy, wild,
explanations that we could call a doubt. 
But I told you that the distinction in what you=re looking at now is a
reasonable doubt.

 

Ladies and gentlemen, there is no reasonable explanation to you
about how that cigarette got there other than that the Defendant left it
there as he fled out that door with the cops hot on his tail.

 

That cigarette was not blown there by the wind.  It was sat down there carefully as it was
still lit by somebody that was probably planning to come back and pick it up on
his way out the door.  He wasn=t expecting the cops to
show up.  He had his girlfriend out front
for him.  What did she do when the cops
came up?  She gave him up.  What did he do?  He took off. 
He took off in a damn hurry.  So
fast he left all of that property sitting by the door.  So fast that he left his cigarette still
burning there on the grill as he ran out.

 








(emphasis added)

Because appellant did not object to the State=s
continued arguments that appellant offered no reasonable explanation for the
cigarette butt with his DNA at the crime scene, we hold that appellant has
forfeited his complaint.[8]  Appellant=s second
point is overruled.

In his third point, appellant claims that the
trial court abused its discretion by giving the jury a partial transcript
during deliberations because the jury had not expressly informed the trial
court that they had a disagreement about the testimony.

Article 36.28 of the code of criminal procedure
provides, in pertinent part, that

if the jury disagree as to the statement of any
witness they may, upon applying to the court, have read to them from the court
reporter=s notes
that part of such witness testimony or the particular point in dispute, and no
other. . . .[9]

This statute seeks to balance concern that the trial court not comment
on the evidence with the need to provide the jury with the means to resolve any
factual disputes it may have.[10]








When asked by the jury to reread testimony, the
trial court must first determine if the request is proper under article 36.28.[11]  We review a trial court=s
determination of whether there is a factual dispute between jury members for an
abuse of discretion.[12]

The plain language of article 36.28 requires only
that a jury disagree about the statement of a witness before the trial court is
authorized to provide a relevant portion of the reporter=s
notes.  It does not require that the jury
expressly state that it is in disagreement. 
A trial court may properly infer disagreement from notes that are passed
between the jury and the court.[13]








Here, the record shows that the jurors sent out a
note requesting all of Officer Brannen=s
testimony.  The trial court promptly
responded with an instruction setting out the text of article 36.28 and
informing the jury that unless they Adisagreed
upon some part of the testimony@ they
were Anot
entitled to have any of the testimony@ but
that if they Adisagreed upon any point in the
testimony,@ and stated in writing the point
upon which they disagreed, they would be so entitled.  Within minutes, the jury sent out another
note asking for Athe portion of Officer Brannen=s
testimony regarding information that she gained from her interview with Ashley
Moore . . . .A

We hold that it was within the trial court=s
discretion to infer that the jury was in dispute about the requested testimony
from their request for specific testimony in response to the trial court=s
explicit instructions regarding the necessity of a dispute.  We overrule appellant=s third
point.

Having overruled all of appellant=s
points, we affirm the trial court=s
judgment.

 

JOHN
CAYCE

CHIEF
JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

WALKER, J., concurred
without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 12, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Evid. 33.1(a)(1).





[3]See Rodriguez v. State, C S.W.3d C, No. 04-07-00387, 2008
WL 4447556, at *2 (Tex. App.CSan Antonio Oct. 1, 2008, no pet. h.).





[4]Lagrone v. State, 942 S.W.2d 602, 618
(Tex. Crim. App.), cert. denied, 522 U.S. 917 (1997).





[5]See id; Dinkins v. State,
894 S.W.2d 330, 355 (Tex. Crim. App.), cert. denied, 516 U.S. 832
(1995).





[6]See Tex. R. Evid. 33.1(a)(1);
Lagrone, 942 S.W.2d at 618.





[7]Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996), cert. denied, 520 U.S. 1173 (1997); Satchell v.
State, No. 07-07-0458-CR, 2008 WL 4693072, at *1 (Tex. App.CAmarillo Oct. 24, 2008,
no pet. h.)(mem. op. after remand; not designated for publication).





[8]See Cockrell, 933 S.W.2d at 89.





[9]Tex. Code Crim. Proc.
Ann. art. 36.28 (Vernon 2006).





[10]Howell v. State, 175 S.W.3d 786, 790
(Tex. Crim. App. 2005).





[11]Iness v. State, 606 S.W.2d 306, 314
(Tex. Crim. App. 1980).





[12]Robison v. State, 888 S.W.2d 473, 480
(Tex. Crim. App. 1994), cert. denied, 515 U.S. 1162.





[13]See Keith v. State, No. 06-06-00094-CR,
2007 WL 654282, at *4 (Tex. App.CTexarkana March 6, 2007, no pet.)(mem. op., not
designated for publication); May v. State, 139 S.W.3d 93, 99B100 (Tex. App.CTexarkana 2004, pet. ref=d).